**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TONKIN CORPORATION OF CALIFORNIA, doing business as Seven Up Company of Sacramento, Respondent.**

**No. 19714.**

United States Court of Appeals Ninth Circuit.

Nov. 10, 1965.

Rehearing Denied Jan. 4, 1966.

**510**

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Thomas Canafax, Jr., Attys., N. L. R. B., Washington, D. C., for petitioner.

M. B. Jackson, Hill, Farrer & Burrill, Los Angeles, Cal., for respondent.

Before BARNES and HAMLEY, Circuit Judges, and MATHES, Senior District Judge.

MATHES, Senior District Judge:

The National Labor Relations Board petitions to enforce its order of June 10, 1964, entered after hearing upon a complaint. alleging violation by respondent, Seven Up Company of Sacramento, of § 8(a) (1), (2) and (3) of the National Labor Relations Act. [29 U.S.C. § 158(a) (1), (2) and (3).]

This order directs respondent to "Withdraw and withhold all recognition from Sacramento 7–Up Employees' Union or any successor thereto as representative of its employees"; and to cease giving effect to the April 1, 1963, contract between respondent and that union, "unless or until Sacramento 7–Up Employees' Union is certified as bargaining representative by the National Labor Relations Board". The order also directs respondent to reinstate an employee, one Barwise, and "make him whole for any loss of earnings by reason of the discrimination against him".

The basic issues presented by the petition are: (1) whether the hearing record establishes that respondent refused on April 1, 1963, to allow employees to work until after a new collective-bargaining agreement between respondent and the union had been signed; (2) whether this alleged "lockout" constituted an unfair labor practice; and (3) whether there is substantial evidence to support the finding that respondent violated § 8(a) (1) and (3) of the Act in discharging employee Barwise.

As to the alleged "lockout", respondent contends that in fact there was none; and, moreover, even if respondent's conduct amounted to a "lockout", this was protected activity under the holding in American Ship Building Co. v. N. L. R. B., 380 U.S. 300, 85 S.Ct. 955, 13 L.Ed.2d 855 (1965).

Without deciding whether respondent in fact locked out its employees as alleged, we note at the outset that the order sought to be enforced was issued before American Ship was decided, and at a time when the Board held the view that, absent special circumstances not present here, a "lockout" for the purpose of exerting economic pressure to secure more favorable contract terms, after a bargaining impasse had been reached, was an unfair labor practice within the meaning of § 8(a) (1), (3) and (5) of the Act. [Quaker State Oil Refining Corp., 121 N.L.R.B. 334, 337 (1958); and see, e. g., Utah Plumbing & Heating Contractors Assn., 126 N.L.R.B. 973 (1960); and American Brake Shoe Co., 116 N.L.R.B. 820 (1956).]

In American Ship, the Court decided that it was not unfair labor practice, within the meaning of § 8(a) (1) and (3), for an employer temporarily to lock out his employees with the sole object of applying economic pressure to support a legitimate bargaining position, after an impasse in collective-bargaining negotiations had been reached. And the Court specifically stated: "This is the only issue before us, and all that we decide." [American Ship Building Co. v. N. L. R. B., supra, 380 U.S. at 308, 85 S.Ct. at 962.]

█ The record at bar discloses evidence that respondent was inhospitable to any prospect of the Teamsters' Union becoming bargaining representative of its employees in lieu of the 7–Up Employees' Union. The record also discloses evidence of side-line proselytizing efforts

on the part of the Teamsters' Union, which were intimately interlaced with the events of April 1 and the earlier company-union contract negotiations. The presence of union-representation activity interspersing the collective bargaining process, viewed in the perspective of Board rulings prior to American Ship, leads us to the conclusion that the proceeding, insofar as it relates to the "lockout" complaint, should be remanded to the Board for reconsideration, and possibly further hearings if the Board be so advised. As the Court observed in N. L. R. B. v. Jones & Laughlin Steel Corp., 331 U.S. 416, 67 S.Ct. 1274, 91 L.Ed. 1575 (1947):

> "When circumstances do arise after the Board's order has been issued which may affect the propriety of enforcement of the order, the reviewing court has discretion to decide the matter itself or to remand it to the Board for further consideration." [331 U.S. at 428, 67 S.Ct. at 1281: see N. L. R. B. v. Brown & Sharpe Mfg. Co., 169 F.2d 331, 336 (1st Cir. 1948).]

 Looking now to those portions of the Board's order directing the reinstatement and compensation of Barwise, we find the evidence in conflict as to reasons for the discharge; and the record is by no means unequivocal in view of Barwise's less-than-satisfactory history of performance in the sales promotion of respondent's product. However, respondent's knowledge of Barwise's efforts on behalf of Teamster representation, coupled with the timing of the discharge, persuade us that the Board could reasonably have drawn the inference it did from the facts in evidence and all surrounding circumstances, nothwithstanding the existence of justifiable grounds which, under other circumstances, might have permitted dismissal. [See N. L. R. B. v. Texas Independent Oil Co., 232 F.2d 447 (9th Cir. 1956).] Accordingly, we hold that there is substantial evidence in the record as a whole to support the Board's finding of a violation of § 8(a) (1) and (3) of the Act in the discharge of Bar-

wise. [Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).]

The order of the Board will be enforced insofar as it relates to the reinstatement and compensation of employee Barwise. The issues subsumed in the remaining ("lockout") portions of the order will be remanded to the Board for further consideration, and such proceedings as the Board may deem appropriate, in light of American Ship Building Co. v. N. L. R. B., supra, 380 U.S. 300, 85 S.Ct. 955, 13 L.Ed.2d 855.